UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TAMI ANDERSON,<br><br>                Plaintiff,<br>vs.<br><br>PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND,<br><br>                Defendant. | NO. CV-11-00421-JLQ<br><br>ORDER RE: DEFENDANT'S MOTION TO DISMISS |

     BEFORE THE COURT is Defendant's Motion to Dismiss (ECF No. 4) brought pursuant to Fed.R.Civ.P. 12(b)(6) alleging that Plaintiff has failed to state a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq. Plaintiff has filed a Response (ECF No. 8), and the motion was submitted without oral argument.

     Defendant argues that as the FDCPA provides for a one-year statute of limitations under § 1692k, and the Complaint fails to allege any dates, then the Complaint fails to state a claim that occurred during the limitations period. Defendant further contends that the Complaint fails to plead "any intent to annoy, abuse, or harass the Defendant." (ECF No. 5, p. 4).

     Plaintiff responds that she has sufficiently pled intent, and that the FDCPA is a strict liability statute and she need not plead intent. (ECF No. 8, p. 4). Secondly, she argues that Defendant has not properly raised the statute of limitations defense. (ECF No. 8, p. 12-13).

**I. Pleading of Intent**

     Defendant's argument that Plaintiff has failed to plead intent is not well-taken. Plaintiff alleges that she received numerous phone calls, "several times per day, several days per week," seeking to collect a debt. Plaintiff further alleges that there were threats

ORDER - 1

to garnish wages and file a lawsuit.  Plaintiff pleads that the "natural consequence" of Defendant's actions was to "harass, oppress, or abuse."  A jury could reasonably infer an intent to annoy or harass Plaintiff given the allegation of numerous phone calls, some containing threats, and the allegation that the natural consequence of those calls was to harass.  Additionally, Plaintiff alleges in part that Defendant violated § 1692(e) of the FDCPA. (See Complaint, ECF No. 1, ¶ 16).  The Ninth Circuit addressed, in *Clark v. Capital Credit & Collection Services*, 460 F.3d 1162 (2006), as an issue of first impression, "whether a violation of § 1692(e) may be predicated upon conduct that is neither knowing nor intentional." *Id.* at 1174.  The Ninth Circuit answered in the affirmative and stated that the question of intent is "only relevant to the determination of damages." *Id.* at 1176.  Accordingly, the court rejects Defendant's argument that Plaintiff has not sufficiently pled intent.

## II. Statute of Limitations

The Defendant argues that because Plaintiff has failed to plead any dates in her Complaint, "the complaint does not allege a claim within the statute of limitations." (ECF No. 5, p. 3).  The FDCPA contains a one-year period of limitation. 15 U.S.C. § 1692k(d).  Interestingly, Plaintiff has responded by filing a 17-page memorandum devoted in part to why she should not be required to plead any dates--rather than simply offering the dates.  It seems an odd strategy to file a memorandum which is three times the length of the Complaint, rather than offering to add a few words or sentences to remedy the deficiency.

Plaintiff asserts that she need not plead dates, and that it is improper to raise statute of limitations via a Fed.R.Civ.P. 12(b)(6) motion, unless it is apparent from the face of the complaint that the claim is time-barred.  The defense is not apparent because Plaintiff failed to plead any dates.  Plaintiff argues she need only plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). By failing to plead any dates, she has not effectively demonstrated she is entitled to relief, as she would not be entitled to relief if the claim accrued outside the

ORDER - 2

statute of limitations.  Although statute of limitations is clearly an affirmative defense (Fed.R.Civ.P. 8(c)) on which Defendant will bear the burden of proof, Plaintiff has failed to even plead that the claim occurred within the statutory period.  This pleading deficiency can be easily cured as to the date of the alleged actions by the Defendant.

Under Fed.R.Civ.P. 11, an attorney presenting a claim represents to the court that the claim is warranted by existing law, and that the factual contentions have evidentiary support.  The court presumes that Plaintiff was aware of the approximate dates of the alleged occurrences prior to filing the Complaint, and was aware of the applicable statute of limitations.  Thus, adding the approximate dates to the Complaint is not a burden for the Plaintiff.

### III. Motion for More Definite Statement

Although the court does not agree that Plaintiff's Complaint should be dismissed for failure to state a claim, the court alternatively construes the motion as one for more definite statement under Fed.R.Civ.P. 12(e).  The court finds that the failure to plead the approximate dates of the alleged collection actions renders the Complaint "so vague and ambiguous that the party [Defendant] cannot reasonably prepare a response."  This information should easily be in the possession of Plaintiff, and the court will not countenance a strategic failure to plead the dates.  Accordingly, Plaintiff shall file an amended pleading or statement addressing these deficiencies.

The court also observes that in her Response, Plaintiff relied on and referenced the fact that she had filed a "verified complaint."  In fact, the Complaint (ECF No. 1) is not verified.  The verification, contained at ECF No. 1, p. 5, is not signed or dated by the Plaintiff.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (ECF No. 4) is **DENIED IN PART AND GRANTED IN PART**.  The Motion is denied to the extent it seeks dismissal of the action for failure to state a claim, but granted to the extent it seeks a more definite statement as to the dates of the allegations in the Complaint.

ORDER - 3

2. Plaintiff shall file a First Amended Complaint or More Definite Statement within twenty-one (21) days of the date of this Order as to the date of the allegations set forth in Plaintiff's Complaint.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 27th day of February, 2012.

s/ Justin L. Quackenbush<br>
JUSTIN L. QUACKENBUSH<br>
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4